FILED

2016 JAN 22 PM 1:56

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>HASTINGS WATER WORKS, INC., and<br>DAVID HASTINGS,<br><br>Defendants. | CASE No. 1:15-cv-00093-WHB<br><br>MAGISTRATE JUDGE<br>WILLIAM H. BAUGHMAN, JR.<br><br>VOLUNTARY CONSENT<br>JUDGMENT |

This cause came on for consideration upon Plaintiff's motion and Defendants, Hastings Water Works, Inc., and David Hastings, consent to the entry of this Judgment, without further contest. Such consent is not intended by Defendants to be an admission of any violations of the law or liability for any back wages or liquidated damages. It is, therefore,

ORDERED, ADJUDGED and DECREED that Hastings Water Works, Inc. and David Hastings, and their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the

meaning of the Act, who is not exempt under the provisions of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding back wages in the total amount of $24,291.61 plus and liquidated damages in the amount of $6,708.39 due employees for the period September 17, 2011, through June 23, 2012, in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto.

To comply with this provision of this Judgment, Defendants, or one of them, shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in six installments, as follows:

| AMOUNT | ON OR BEFORE |
|---|---|
| $5,166.67 | February 15, 2016 |
| $5,166.67 | March 15, 2016 |
| $5,166.67 | April 15, 2016 |
| $5,166.67 | May 15, 2016 |
| $5,166.67 | June 15, 2016 |
| $5,166.67 | July 15, 2016 |

Defendants also shall provide Plaintiff with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on Schedule "A."

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named

FPDOCS 31371120.1

employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

FURTHER ORDERED the Plaintiff shall contact the counsel for Hastings Water Works, Inc., Richard A. Millisor, Esq., Fisher & Phillips, LLP, and arrange for an in-person meeting with the Assistant Area Director in the Cleveland, Ohio office of the Wage and Hour Division, David Hastings, and Mr. Millisor, prior to, and as a precondition of, initiating any action to enforce the terms of this consent decree.

FURTHER ORDERED that each party shall bear their own court costs and such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

FURTHER ORDERED that the terms of this Judgment, which fully and finally resolves all claims asserted by Plaintiff against Defendants Hasting Water Works, Inc. and David

Hastings in this matter, expires on June 1, 2019, by its own terms, so long as Defendants are in compliance with the terms hereof.

This _22_ day of _January_, 2016.

_____
WILLIAM H. BAUGHMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**WE AGREE TO ABIDE BY THE TERMS OF THIS ORDER:**

| | |
|---|---|
| /s/ Amy R. Walker | /s/ Richard A. Millisor |
| Amy R. Walker | Richard A. Millisor (0062883) |
| Senior Trial Attorney | FISHER & PHILLIPS LLP |
| Office of the Solicitor | 9150 South Hills Boulevard |
| U.S. Department of Labor | Suite 300 |
| 61 Forsyth Street, S.W., Room 7T10 | Cleveland, OH  44147-3599 |
| Atlanta, GA  30303 | (440) 838-8800 |
| (404) 302-5453 | (440) 838-8805 – Facsimile |
| (404) 302-5438 – Facsimile | rmillisor@laborlawyers.com |
| walker.amy@dol.gov | jbrennan@laborlawyers.com |
| | |
| *Counsel for Plaintiff, Thomas E. Perez,* | *Counsel for Defendants,* |
| *Secretary of Labor, United States Department* | *Hastings Water Works, Inc. and* |
| *of Labor* | *David Hastings* |